# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TOPAZ DARDEN,                           :
Fed. Reg. No. 56188-019,                :       PRISONER HABEAS CORPUS
     Petitioner,                       :       28 U.S.C. § 2254
                                       :
     v.                                :       CIVIL ACTION NO.
                                       :       1:12-CV-2268-JEC-JSA
J.A. KELLER; Warden; et al.,            :
     Respondents.                      :


## <u>MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION</u>

Petitioner, an inmate at the United States Penitentiary in Atlanta, Georgia, has filed this federal habeas corpus action in which he attempts to challenge his 1985 Fulton County conviction and sentence. The matter is presently before the Court on: (1) the petition and amended petition [Docs. 1, 4]; (2) the answer-response with accompanying exhibits [Doc. 9]; and (3) Petitioner's reply [Doc. 10].

I.    <u>Procedural History</u>

In 1985, Petitioner entered a guilty plea to burglary in the Fulton County Superior Court, and was sentenced to five years imprisonment. (Doc. 4, Att. 3, at

2; Doc. 9, Att. 1, ¶ 1).[1]  Petitioner never filed a direct appeal of the 1985 conviction and sentence, and his sentence expired in 1991. (Doc. 10, at ¶ 2).  Petitioner "admits that for 20 years [he] has been satisfied with the entry of his guilty plea." (*Id.*).

On May 19, 2004, Petitioner was indicted by a grand jury in the Northern District of Georgia and charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  *United States v. Darden*, Criminal Action No. 1:04-CR-288-ODE-AJB (Docket No. 1).  A jury found Petitioner guilty as charged on April 26, 2005.  *Id.* at Docket No. 47.

In July 2005, U.S. District Court Judge Orinda D. Evans sentenced Petitioner to 235 months of imprisonment after finding that he qualified as an armed career criminal under 18 U.S.C. § 924(e).[2]  After Petitioner appealed, the

---

[1] All documents are referenced according to the attachment number and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

[2] 18 U.S.C. § 924(e) provides that a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense or both, shall be sentenced to a mandatory minimum of fifteen years.  The Court notes that Petitioner only attempts to challenge his 1985 conviction here; however, the pre-sentence report set forth three additional convictions that were used to enhance his federal sentence under § 924(e) and Petitioner's criminal history included several more qualifying offenses that were not cited in the pre-sentence

Eleventh Circuit remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), which had rendered the United States Sentencing Guidelines advisory rather than mandatory. *See United States v. Darden*, 186 F. App'x 887, 892-93 (11th Cir. 2006); *United States v. Darden*, Criminal Action No. 1:04-CR-288-ODE-AJB (Docket No. 69, at 12-13). On January 23, 2007, Judge Evans reduced Petitioner's sentence to 200 months. *Id.* at Docket No. 74. The Eleventh Circuit granted Petitioner's motion to voluntarily dismiss his second appeal on March 16, 2007. *Id.* at Docket No. 83.

On October 17, 2007, Petitioner filed a state habeas corpus action in the Fulton County Superior Court, in which he challenged his 1985 guilty plea for burglary. (Doc. 9, Att. 1, ¶ 1). The state habeas court conducted an evidentiary hearing on August 28, 2009. (*Id.* at ¶ 2). The court reporter who transcribed Petitioner's 1985 plea testified at the state habeas hearing that plea transcripts from 1985 were lost and that based on the twenty-year retention policy to which Fulton County adheres, her notes had been destroyed. (*Id.*). According to Respondent, the state habeas court subsequently entered an order granting the respondent's

---

report. *See United States v. Darden*, Criminal Action No. 1:04-CR-288-ODE-AJB (Docket No. 124, at 22; Docket No. 88, Att. 3, at 8-9).

motion to dismiss the petition; however, on May 7, 2010, the Georgia Supreme Court granted and remanded Petitioner's application for a certificate of probable cause with directions to the state habeas court – apparently to enter a new order that included findings of fact and conclusions of law.[3] (Doc. 9, at 2). On June 17, 2011, the state habeas court entered an order denying relief to Petitioner because the State was prejudiced by Petitioner's twenty-two year "undue delay" in filing his state habeas petition. (Doc. 9, Att. 1, at 3). The Georgia Supreme Court denied Petitioner's certificate of probable cause to appeal that denial on April 24, 2012. *See* Georgia Supreme Court Docket Search, *available at* http://www.gasupreme.us/docket_search/results_one_record.php?caseNumber= S11H1744 (last visited February 7, 2013).

In the interim, on January 8, 2008, Petitioner filed a *pro se* motion to vacate his federal sentence in this Court pursuant to 28 U.S.C. § 2255. *United States v. Darden*, Criminal Action No. 1:04-CR-288-ODE-AJB (Docket No. 86). One of

---

[3] Although Respondent states that the date of the order was August 25, 2009, the order appears to have been entered on August 28, 2009, the date of the hearing. *See Fulton County Civil Case Search*, available at http://www.fcclkjudicialsearch.org/judicialsearch/Scripts/UVlink.dll/tsgdb1/WEBSERV/PUBCivilSearch?action%253Dview%26track%253D619400 (last visited February 7, 2013).

the claims Petitioner raised in his § 2255 motion was that his federal counsel was ineffective for failing to challenge the validity of the state court guilty pleas used to enhance Petitioner's federal sentence. *Id.* at Docket No. 86; Docket No. 124, at 5-6. Following an evidentiary hearing, U.S. Magistrate Judge Alan J. Baverman recommended denying all of Petitioner's claims. *Id.* at Docket No. 124, at 32. Judge Baverman further recommended denying Petitioner's request to stay the § 2255 motion pending the outcome of any collateral attacks on his prior convictions, but noted that if he successfully were to challenge his prior predicate convictions in state court he could file a renewed motion. *Id.* Judge Evans adopted the report and recommendation and denied the § 2255 motion on January 13, 2010. *Id.* at Docket No. 126. Petitioner did not appeal that denial to the Eleventh Circuit.

Petitioner signed the instant federal habeas petition pursuant to 28 U.S.C. § 2254 on June 19, 2012, after the Georgia Supreme Court denied his certificate of probable cause. (Docs. 1, 4). In the instant action, Petitioner attempts to challenge his 1985 burglary conviction in this Court. For the reasons set forth below, the undersigned **RECOMMENDS** that the petition be dismissed.

AO 72A
(Rev.8/82)

II.    Discussion

    A.    This Court Lacks Jurisdiction to Entertain the Instant Petition.

        1.    Petitioner Does not Satisfy the "In Custody" Requirement of 28 U.S.C. § 2254.

A federal district court has jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(e). The Supreme Court has interpreted the "in custody" requirement as meaning that the habeas petitioner must be "in custody" under the conviction and sentence being attacked at the time of the petition's filing. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) (holding that a habeas petitioner no longer remains "in custody" under a conviction after the sentence imposed for it has fully expired, even if that conviction was used to enhance a current sentence).

It is undisputed that Petitioner's 1985 sentence has fully expired and that Petitioner is "in custody" under the federal sentence; therefore, this Court does not have jurisdiction to entertain his § 2254 challenge to the 1985 state conviction and sentence. *See Thelm v. Oklahoma*, 396 F. App'x 489, 491 (10th Cir. 2010) (affirming district court's dismissal for lack of jurisdiction petitioner's § 2254

6

challenge to his 1986 state conviction even though it enhanced the federal conviction because the sentence was fully expired); *Painter v. Outlaw*, 334 F. App'x 47, 48 (8th Cir. 2009) (affirming dismissal for lack of jurisdiction § 2241 petition challenging a 1981 conviction used to enhance a current federal sentence for firearm possession offenses because the petitioner was no longer "in custody" under the state conviction).

The Supreme Court in *Lackawanna* created a limited exception to this rule by holding that the "in custody" requirement is satisfied where the § 2254 habeas petition "could be construed" as a challenge to the enhanced federal sentence that the petitioner currently is serving. *Lackawanna*, 532 U.S. at 401-02; *see also Jackson v. Secretary for Dep't of Corr.*, 206 F. App'x 934, 936-37 (11th Cir. 2006) (finding that even though the petitioner's 1992 sentence challenged in his § 2254 petition had expired, he satisfied the "in custody" requirement because he "explicitly alleged that this conviction was used to enhance the federal sentence he was currently serving"). Here, however, Petitioner already unsuccessfully challenged his 2007 federally-enhanced sentence in this Court; therefore, before raising another challenge in this Court he would first need to seek leave to file a second or successive petition in the Eleventh Circuit. *See* 28 U.S.C.

§ 2244(b)(3)(A). Without such leave, even though Petitioner explicitly alleged that the 1985 conviction was used to enhance the federal sentence he currently is serving, *See* Docs. 1, 4, this Court is without jurisdiction to entertain his habeas petition. *See*, *e.g.*, *Jones v. Dretke*, No. Civ. A. 3:05CV1787-L, 2005 WL 3500290, at *3 (N.D. Tex. Dec. 22, 2005) (dismissing for lack of jurisdiction § 2254 petition challenging expired state conviction because even if the petitioner could satisfy the "in custody" requirement under *Lackawanna* such that the petition could be construed as a challenge to his current federal sentence as enhanced by the expired conviction, any such challenge was successive). *See also* *Neguse v. United States*, No. 2005 WL 2861186, at *1 (S.D. Ohio Nov. 1, 2005) (holding the petitioner failed to satisfy § 2254's "in custody" requirement where he attempted to challenge the 1989 sentences used to enhance his subsequent sentence, but any challenge to the enhanced sentence would be successive); *Skinner v. Duncan*, No. 02Civ.0219 (DLC) (AJP), 2005 WL 366956, at *5 (S.D. N.Y. Feb. 17, 2005) (finding the petitioner challenging his underlying convictions for an enhanced sentence could not base his "in custody" requirement on the enhanced sentence because any such challenge would be successive).

AO 72A
(Rev.8/82)

2.  <u>Petitioner Cannot Collaterally Challenge His Expired State Conviction.</u>

Even if Petitioner had met the "in custody" requirement with his successive challenge to the federally-enhanced sentence, he still cannot challenge his expired 1985 conviction because "relief is . . . unavailable to state prisoners through a petition for a writ of habeas corpus under 28 U.S.C. § 2254" on the ground that "it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." *Lackawanna*, 532 U.S. at 396-97; *See also Daniels v. United States*, 532 U.S. 374, 374 (2001) ("[I]f a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction under a motion under § 2255."); *Jackson*, 206 F. App'x at 936-37 (holding that the petitioner was not entitled to attack an expired conviction on the basis that it was used to enhance the federal

9

sentence he currently was serving).[4]  Accordingly, this Court does not have

jurisdiction to review Petitioner's challenge to his expired 1985 conviction.

      B.    <u>The Instant Petition is Untimely.</u>

      Regardless of the jurisdiction question, Petitioner's challenge to his 1985

conviction – filed nearly sixteen years after the Anti-Terrorism and Effective Death

Penalty Act of 1996 ("AEDPA") was enacted – is untimely.  28 U.S.C.

§ 2244(d)(1), as amended by the AEDPA, contains a one-year limitation period for

all prisoners seeking to challenge, via 28 U.S.C. § 2254, the validity of a state

court conviction.  The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United

---

[4] An exception to this rule is where the state court failed to appoint counsel to the defendant in violation of the Sixth Amendment. *See Lackawanna*, 532 U.S. at 404.  That exception does not apply here, where Petitioner was represented by counsel during the 1985 proceedings and his claims are based on ineffective assistance of counsel and the alleged involuntary nature of the 1985 plea. *See Custis v. United States*, 511 U.S. 485, 496-97 (1994) (holding claims of ineffective assistance of counsel and invalidity of guilty plea were not encompassed within the Sixth Amendment violation exception); *see also Jackson*, 206 F. App'x at 936 ("The *Daniels/Lackawanna* exception is not implicated where a defendant was represented by counsel during the prior conviction proceedings.") (citing *Hubbard v. Haley*, 317 F.3d 1245 (11th Cir. 2003)).

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  In this case, the one-year limitation period did not begin running until April 24, 1996, the AEDPA's effective date, because Petitioner's convictions became final before then. *See Walton v. Secretary, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011); *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998). *See also Jackson*, 206 F. App'x at 937 (indicating that the limitation period began on the date of the state court conviction where the petitioner's challenge to the state court conviction was based on its enhancement of a federal sentence). Accordingly, Petitioner had until April 23, 1997, in which to file a federal habeas corpus petition challenging his 1985 conviction and sentence.

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count toward the one-year

11

limitation period. The tolling provision embodied in § 2244(d)(2) does not apply to the October 17, 2007, filing of Petitioner's state habeas petition, as the limitation period had expired almost ten years earlier. *See Neal v. Secretary, Dep't of Corr.*, 271 F. App'x 893, 896 (11th Cir. 2008) ("'A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.'") (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Moreover, because the state habeas court dismissed the petition as untimely, it was not "properly filed" under § 2244(d)(2)'s tolling provision.[5] *See Penney v. Secretary, Fla. Dep't of Corr.*, __ F.3d __, No. 10-14628, 2013 WL 424888, at *3-4 (11th Cir. Feb. 5, 2013) (holding the petitioner's post-conviction motion was not "properly filed" under § 2244(d)(2) because the state court dismissed it as untimely). Petitioner signed this federal habeas petition

---

[5] The undersigned notes that Petitioner challenges the state habeas court's decision in this regard; however, this Court must defer to the state court's interpretation of state law. *See Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (stating that a federal court on habeas review must defer to state court's interpretation and application of state law); *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004) ("[I]n our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law. . . . Accordingly, AEDPA requires that we defer to [an] implicit conclusion and interpretation of state law by the state habeas court.").

AO 72A
(Rev.8/82)

on June 19, 2012, over fifteen years after the limitation period expired. The instant petition, therefore, is untimely.

Petitioner appears to argue that the limitation period did not begin until he was sentenced in federal court, because before that time he could not have discovered with reasonable diligence the effect that his 1985 conviction potentially could have had on a subsequent sentence.[6] (Doc. 10 at 4-5). Even if, for the sake of argument, § 2244(d)(1)(D) is applicable, a reasonable person in Petitioner's position could reasonably have discovered that the 1985 sentence could be used to enhance his federal sentence in July 2005 when Judge Evans first

_____

[6] Although Petitioner cites to *Johnson v. United States*, 544 U.S. 295 (2005) for the proposition that § 2244(d)(1)(D) applies here, that case is inapposite. In *Johnson*, the Eleventh Circuit found that the new "fact" triggering the beginning of the limitation period under § 2244(d)(1)(D) was the state court's vacatur of the petitioner's predicate conviction. Unlike the petitioner in *Johnson*, however, here Petitioner was not successful in receiving a state vacatur.

sentenced him using that conviction as an enhancement.[7] The instant petition, filed

nearly five years later, is still untimely.

Petitioner also claims that he is actually innocent of the 1985 burglary

charge. The Eleventh Circuit has never determined whether a petitioner's actual

innocence serves as a gateway for consideration of constitutional claims otherwise

time-barred under the one-year limitation period because no petitioner has ever

been able to demonstrate his actual innocence. *Rozelle v. Secretary, Fla. Dep't of

Corr.*, 672 F.3d 1000, 1011-12 (11th Cir. 2012). Indeed, a petitioner claiming that

he is actually innocent must show factual innocence rather than legal innocence,

vis-a-vis "new, reliable evidence – whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence" which demonstrates

that "it is more likely than not that no reasonable juror would have convicted him"

---

[7] The Court is mindful that at the very least Petitioner would have been aware of the factual predicate for his "actual innocence" claims at the time of his 1985 conviction and sentence. *See Roberts v. Cambra*, No. 2009 WL 4261201, at *4 (S.D. Cal. Nov. 23, 2009) (rejecting petitioner's challenge to state conviction that was used to enhance federal conviction because "[h]e knew the factual predicate for his innocence claim when he pled guilty to the prior offense and when the channels for direct and collateral review of the prior offense were still available to him"). *See also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance.").

AO 72A
(Rev.8/82)

of the underlying offenses in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Rozelle*, 672 F.3d at 1011-12; *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *De La Rosa v. United States*, 476 F. App'x 810, 812 (11th Cir. 2012); *Scarlett v. Secretary, Dep't of Corr.*, 404 F. App'x 394, 400 (11th Cir. 2010).[8]

Here, Petitioner does not present any new, reliable evidence to support an actual innocence claim. Instead, he merely makes self-serving statements of factual innocence that cannot be corroborated because the state court records are no longer available. This alleged evidence is neither new nor reliable under *Schlup*. Thus, Petitioner has not established that he is actually innocent of the 1985 burglary and, accordingly, the instant petition is time-barred.[9]

---

[8] This standard applies even where the petitioner entered a guilty plea. *See De La Rosa*, 476 F. App'x at 812.

[9] Although the one-year limitation period in § 2244(d) is subject to equitable tolling, *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (June 14, 2010), Petitioner does not present any extraordinary circumstances that would indicate that he seeks equitable tolling or that any such equitable tolling would apply.

AO 72A
(Rev.8/82)

C.  **Petitioner Has Procedurally Defaulted All of His Claims.**

Finally, Petitioner's claims all are procedurally defaulted.  Pursuant to 28 U.S.C. § 2254(b)(1)(A), this Court cannot grant a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State."  To exhaust state remedies, a petitioner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Castille v. Peoples*, 489 U.S. 346, 348-51 (1989).  In seeking state collateral review, a Georgia state prisoner must complete exhaustion by seeking a certificate of probable cause from the Georgia Supreme Court upon the denial of a state habeas petition.  *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004) (per curiam) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court" meant that he failed to exhaust all of his available state court remedies).

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court, *i.e.*, a claim "not resolved on the merits in the state proceeding" based upon an "independent and adequate state ground."  *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977).  A procedural default can arise in one of two

16

ways. The first situation occurs where "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." *Spencer v. Secretary, Dep't of Corr.*, 609 F.3d 1170, 1178 (11th Cir. 2010) (citations omitted); *see also Owen v. Secretary for Dep't of Corr.*, 568 F.3d 894, 908 (11th Cir. 2009). A procedural default also can occur when "the petitioner fails to raise the claim in state court and it is clear from state law that any future attempts at exhaustion would be futile." *Zeigler v. Crosby*, 345 F.3d 1300, 1304 (11th Cir. 2003) (quotation marks and citation omitted).

A federal habeas petitioner can overcome a procedural bar if he demonstrates either (1) cause for the default and actual prejudice, or (2) a fundamental miscarriage of justice, *i.e.*, that unless the federal court reviews the defaulted claim, the petitioner will remain incarcerated despite his actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986); *Owen*, 568 F.3d at 908. To establish cause, the petitioner must show that some objective factor external to the defense impeded his or counsel's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result would have been different"

17

had he presented his defaulted claim. *Spencer*, 609 F.3d at 1180 (quotation marks and citations omitted).

Here, the state habeas court declined to address the merits of Petitioner's challenges to his 1985 conviction and sentence because of the twenty-two year undue delay in filing his state petition.  As such, the state habeas court's decision was based on an "independent and adequate state ground" and his claims are procedurally defaulted.  *Wainwright*, 433 U.S. at 86-87.  *See also Castro v. Everglades Corr. Inst.*, 481 F. App'x 560, 562 (11th Cir. 2012) (holding state court's denial of petitioner's claim as untimely constituted an independent and procedural ground such that it was procedurally defaulted in federal court); *accord Bolender v. Singletary*, 16 F.3d 1547, 1569 n.29 (11th Cir. 1994) (stating that the state court's disposition of some of petitioner's claims as untimely constituted an independent and adequate state law ground to render them procedurally defaulted in federal court).  Petitioner has not shown cause or prejudice to overcome the procedural default, and, as discussed previously in Section II.B, he has not demonstrated that he is actually innocent.  Accordingly, he has not overcome the procedural default of any of his claims.

18

III.    <u>Conclusion</u>

**IT IS THEREFORE RECOMMENDED** the instant petition [Docs. 1, 4]

be **DISMISSED** for lack of jurisdiction and pursuant to 28 U.S.C. § 2244(d).

IV.    Certificate of Appealability ("COA")

According to Rule 11 of the Rules Governing Section 2254 Proceedings for

the United States District Courts, a district court "must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant." Under 28

U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." A prisoner satisfies this

standard by demonstrating that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong and that any dispositive

procedural ruling by the district court is debatable. *Miller-El v. Cockrell*, 537 U.S.

322, 366 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists

would find "debatable or wrong" the undersigned's determination that this Court

has no jurisdiction, that the petition is untimely, and/or that his claims are

procedurally barred.

AO 72A
(Rev.8/82)

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 12th day of February, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

20