FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAR 2 5 2013

James N. Hatten, Clerk
By: /s/ AMCaulli
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TOPAZ DARDEN, Fed. Reg. No. 56188-019, Petitioner, | : : : : | PRISONER HABEAS CORPUS 28 U.S.C. § 2254 |
| v. | : : | CIVIL ACTION NO. 1:12-CV-2268-ODE-JSA |
| J.A. KELLER, Warden; et al., Respondents. | : : | |

### ORDER AND OPINION

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Judge Justin S. Anand [Doc. 11], and Petitioner's objections thereto [Doc. 13]. After conducting an extensive review of Petitioner's claims for relief, Magistrate Judge Anand recommended that Petitioner's federal habeas corpus petition be denied.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which Petitioner has objected. The Court reviews the remainder of the R&R for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Where a petitioner does not file *specific objections* to factual findings and recommendations of the magistrate judge, however, this Court need not perform a *de novo* review. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citing, inter

alia, Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988)).

I. Discussion

Petitioner filed this federal habeas corpus petition challenging his expired 1985 burglary conviction and sentence. (Doc. 1).[1] The claims in the petition essentially challenge this Court's use of Petitioner's 1985 conviction to enhance his federal sentence in this Court for possession of a firearm by a convicted felon.

Magistrate Judge Anand based his recommendation to dismiss the petition for the following alternative reasons: (1) Petitioner is not "in custody" under the 1985 conviction and this Court therefore lacks jurisdiction under § 2254; (2) Petitioner cannot collaterally challenge his expired 1985 state court conviction under § 2254; (3) the petition was untimely since the limitation period was triggered on April 26, 1996, and even if § 2254(d)(1)(D) applied, a reasonable person in Petitioner's position could have discovered that his 1985 conviction would enhance his federal sentence when this Court first sentenced him in July of 2005, and Petitioner did not demonstrate that he was actually innocent of the 1985

---

[1] Petitioner's sentence expired in 1991. (Doc. 10 at ¶ 2).

AO 72A
(Rev.8/82)

conviction; and (4) Petitioner procedurally defaulted all of his claims. (Doc. 11).

Petitioner specifically objects to most, if not all, of Magistrate Judge Anand's findings. For the reasons discussed below, Petitioner's objections lack merit.

A. The "In Custody" Requirement

Petitioner claims that he meets the "in custody" requirement because he is serving his period of confinement under his federal conviction at the United States Penitentiary in Atlanta, and because under Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), his § 2254 petition could be construed as a challenge to the enhanced federal sentence he is serving.[2] The Magistrate Judge correctly found that Petitioner is not in custody pursuant to the 1985 conviction. See Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (holding that a habeas petitioner no longer remains "in custody" under a conviction after it has fully expired, even if it is used to enhance a federal sentence). Magistrate Judge Anand also correctly stated that even if, as Petitioner argues, the instant

---

[2] The Supreme Court in Lackawanna created a limited exception to the "in custody" rule set forth in Maleng, supra, by holding that the "in custody" requirement is satisfied where the § 2254 habeas petition "[could] be construed" as a challenge to the enhanced federal sentence that the petitioner currently is serving. Lackawanna, 532 U.S. at 401-02.

3

petition "[could] be construed" as a challenge to Petitioner's federally enhanced sentence under the exception in Lackawanna, this Court could not consider any such challenge because it is successive and Petitioner did not seek authorization from the Eleventh Circuit to file any such successive challenge. See 28 U.S.C. § 2244(b)(3)(A). As Petitioner unsuccessfully filed a challenge to his federal sentence, see United States v. Darden, Criminal Action No. 1:04-CR-288-ODE-AJB (Docket Nos. 86, 124, 126), this Court agrees with Judge Anand's conclusion. As such, Petitioner's objection is without merit.

B. Collateral Attack

Petitioner also claims that he is actually innocent of the 1985 offense because he unintelligently and unknowingly entered into his plea based upon trial counsel's ineffective assistance, and, therefore, he can collaterally attack the conviction even though it is expired. As discussed by Magistrate Judge Anand, however, Petitioner cannot challenge his expired 1985 sentence through a § 2254 habeas petition on the basis that it was used to enhance his federal sentence – which is exactly what Petitioner attempts to do here. See Lackawanna, 532 U.S. at 396-97 ("relief is . . . unavailable . . . through a petition for a writ of habeas corpus under 28 U.S.C. § 2254" on the ground that "it was enhanced based on an allegedly

4

unconstitutional prior conviction for which the petitioner is no longer in custody."); Daniels v. United States, 532 U.S. 374, 382 (2001) ("[I]f a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255."); Jackson v. Sec'y, Dep't of Corr., 206 F. App'x 934, 936-37 (11th Cir. 2006) (holding that the petitioner was not entitled to attack an expired conviction on the basis that it was used to enhance the federal sentence he currently was serving).

To the degree that Petitioner claims he is "actually innocent," he is correct that if he can show "compelling evidence" that he is actually innocent of the crime for which he was convicted, and which he "could not have uncovered in a timely manner," he could, in fact, collaterally challenge his 1985 conviction. See Lackawanna, 532 U.S. at 405-06; McCarthy v. United States, 320 F.3d 1230, 1233 (11th Cir. 2003). Petitioner, however, does not show "compelling evidence" that he is actually innocent of the 1985 burglary; rather, he merely states that his attorney should have warned him that there could

5

be sentencing consequences if he was later convicted in federal court.

Petitioner's argument is one of "legal insufficiency" and as such, is insufficient to demonstrate that he is actually innocent of the 1985 burglary. See Bousely v. United States, 523 U.S. 614, 623-24 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."); Schlup v. Delo, 513 U.S. 298, 324 (1995) ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."). Moreover, the Eleventh Circuit has specifically rejected an identical argument. See McCarthy, 320 F.3d at 1234 (rejecting the petitioner's claim that he should be excused from the general rule in Daniels that he could not collaterally challenge an expired state court conviction on the basis that it enhanced a federal sentence because, inter alia, counsel did not warn him that his guilty plea could have sentencing consequences if he were later convicted in federal court). Thus, this objection also is without merit.

AO 72A
(Rev.8/82)

C.  The Magistrate Judge's Determination that the Petition is Untimely

Petitioner relies upon Wainwright v. Sykes, 433 U.S. 72 (1977), Thompson v. Nagle, 118 F.3d 1442, 1450-51 (11th Cir. 1997) and a few Ninth Circuit cases as authority that this Court should "excuse" his untimeliness. These cases, however, involve procedural default of the petitioner's claims rather than any timeliness issue. As none of those cases are relevant to whether Judge Anand was correct in concluding that the petition is untimely, and having reviewed Judge Anand's thorough analysis, the Court finds that Petitioner's objection is without merit.

D.  Procedural Default

Petitioner claims that he "never slept on his appeal rights" and that from the time his federal sentence was imposed, he has been diligent in pursuing "available remedies" in federal and state court. Judge Anand correctly found, however, that: (1) the state habeas court's decision declining to address the merits of Petitioner's challenge to his 1985 conviction – because of the twenty-two year undue delay in filing the petition – was based on an "independent and adequate state procedural ground"; (2) as a result Petitioner's claims were procedurally defaulted; and (3) Petitioner had not demonstrated

AO 72A
(Rev.8/8
2)

cause, prejudice, or actual innocence to excuse the procedural default of his claims. See Wainwright, 433 U.S. at 86-87; Castro v. Everglades Corr. Inst., 481 F. App'x 560, 562 (11th Cir. 2012) (holding state court's denial of petitioner's claim as untimely is an independent and procedural ground rendering the claim procedurally defaulted in federal court); accord Bolender v. Singletary, 16 F.3d 1547, 1569 n.29 (11th Cir. 1994). Thus, this objection also is without merit.

    E.   Certificate of Appealability ("COA")

Finally, Petitioner claims that Magistrate Judge Anand's recommendation to deny a COA was incorrect because he used a "fundamentally wrong standard." 28 U.S.C. § 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Gonzalez v. Thaler, __ U.S. __, 132 S. Ct. 641, 648 (2012) (emphasis added) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009). Although Petitioner claims otherwise, he has not

demonstrated that reasonable jurists could differ as to the procedural findings in the R&R and, therefore, the Court need not discuss whether the petition states a valid claim of the denial of a constitutional right. See Slack, 529 U.S. at 485 (discussing both components in determining whether a COA may issue and stating that "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.").

II. Conclusion

Petitioner's objections are without merit, and the Court finds no clear error in the remainder of the Magistrate Judge's Report and Recommendation.

**IT IS THEREFORE ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Petitioner's Objections. Petitioner's habeas petition [Doc. 1] is hereby **DENIED** and the instant action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**, this 25 day of March, 2013.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)